**THE ATTORNEY GENERAL**
**OF TEXAS**


GROVER SELLERS                    **AUSTIN 11, TEXAS**

XXXXXXXXXXXXXXXXXXXXXXXXXXXX
ATTORNEY GENERAL

Honorable Homer Garrison, Jr.
Director, Department of Public Safety
Camp Mabry
Austin, Texas

Attention: J. B. Draper

Dear Sir:                          Opinion No. O-6061
                                   Re: Privileged character of accident
                                       reports made to Department of Pub-
                                       lic Safety under Secs. 39, 40, 41
                                       and 42, Art. 6687b, V.A.C.S.

        Plaintiff and defendant in an action for damages were involved in a
traffic accident between an automobile and a truck on a public highway. A
State Highway Patrolman investigated the occurrence and made his report to
the Department.

        Attorneys for the defendant have propounded written interrogatories
to one of your employees, who, presumably, is in charge of the records of
such reports. These questions seek:

        1. The employee's name and address;
        2. A statement of the records, under her supervision and control;
        3. To ascertain whether a report covering the litigated accident
              was filed; and
        4. A correct copy of such accident report.

        You wish to be advised what questions should be answered.

        We quote from an opinion of our Supreme Court, decided on May 10,
1944, in Brown & Root, Inc., vs. Haddad, discussing the questions you
have raised:

"The statutes under which the Patrolman acted in reporting the accident
are Sections 39, 40, 41 and 42 of Article 6687b, Vernon's Texas Civil
Statutes. . . .

"The Court of Civil Appeals held that the report was a privileged commun-
ication, for which reason the trial court erred in admitting same, or any
part thereof, in evidence. . . . We here quote same in full as the opin-
ion of the Court on the construction of the statutes above quoted with
respect to the question of whether or not the Roensch report was a privi-
leged communication. It is as follows:

"'We approve of the judgment of the Court of Civil Appeals in reversing the judgment of the trial court and remanding the cause, because the trial court erred in admitting the entire report made by patrolman Roensch to the Department of Public Safety. 175 S.W. 2nd., 269. However, that report is not a privileged communication under Sec. 42, of Art. 6687b, Vernon's Anno. Civ. Stat. This is made clear by a consideration of Secs. 39 and 40 of the same article. Sec. 39 requires reports of accidents of "every person involved," that is, by every party to the accident, and provides that such reports "shall be deemed privileged communications." Roensch's report was called for by Sec. 40 as the findings of an officer investigating the accident, and it says nothing about any such report being privileged. Clearly, then, the purpose of Sec. 42 is to qualify the blanket privilege extending to reports made by "persons involved" by Sec. 39, in two particulars, namely (1) to permit the Department of Public Safety to disclose the identity of any person involved in an accident, when such is not known or when such person denies his presence at the accident; and '2) to permit the Department of Public Safety to certify that such report was made, to prove that any person claiming to have made the report has or has not made it.

"'Obviously, Roensch's report, as such, is a hearsay statement and should be excluded at another trial, if objected to on that ground, except such parts thereof only as may tend to impeach any direct evidence given by Roensch. . . .'"

It is our opinion the court's decision in that case settles the question. The parties to a pending action certainly would be entitled to have a copy of the accident report. How else would they know whether the witnesses' evidence might be subject to impeachment, if in fact it should be.

This department has ruled to the same effect in Opinions No. O-2044, and O-4402, copies of which are attached hereto.

It is our advice that all the questions propounded should be answered and that a copy of the accident report should be furnished.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By /s/ Elbert Hooper

Elbert Hooper
Assistant

APPROVED JUN 6, 1944
/s/ Geo. P. Blackburn
(Acting)
ATTORNEYGENERAL OF TEXAS

Approved
Opinion Committee
By BWB Chairman

EH:db:egw